U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 3 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ERNESTO ALVAREZ, 555676, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-5003-D |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I.  Background

Petitioner challenges the denial of street-time credits after the revocation of his mandatory supervised release.

On March 9, 1990, Petitioner was convicted of murder and was sentenced to twenty-five years in prison. *State of Texas v. Ernesto Alvarez*, No. 27518 (18th Jud. Dist. Ct., Johnson County, Tex. Mar. 9, 1990). On September 14, 1999, he was released to mandatory supervision. On June 28, 2011, Petitioner's mandatory supervised release was revoked. This caused him to forfeit ten years, eleven months and eight days of street-time credit he had accrued while released.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

On August 18, 2011 and July 11, 2013 Petitioner filed time dispute resolution ("TDR") forms challenging the loss of his street-time credits.  On January 17, 2012 and July 23, 2013, TDCJ responded by denying his claims, stating he was denied street-time credits because of his murder conviction.

On March 14, 2013, Petitioner filed a state petition for writ of habeas corpus challenging the denial of street-time credits. *Ex parte Alarez*, No. 77,231-03.  On May 22, 2013, the Texas Court of Criminal Appeals denied the petition without written order.

On December 26, 2013, Petitioner filed th instant petition pursuant to 28 U.S.C. § 2254. He argues:

1. TDCJ is denying him street-time credits by wrongfully classifying his murder conviction as a 3G offense;

2. TDCJ is unlawfully extending his discharge date; and

3. TDCJ is unlawfully denying him street-time credits even though he has served over half of his sentence.

On April 24, 2014, Respondent filed his answer arguing, *inter alia*, that the petition is time-barred.  Petitioner did not file a reply.  The Court now finds the petition should be dismissed as barred by the statute of limitations.

## II.  Discussion

### 1.   Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  The one-year period is calculated from the latest of: (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

The Court determines that on the date of his revocation, June 28, 2011, Petitioner either knew of his claims, or could have known of his claims through the exercise of due diligence. *See Biggins v. Dretke*, No. 3:03-CV-2005-P, 2004 WL 1898255 at *2 (N.D. Tex. Aug. 24, 2004) (finding that on date of parole revocation petitioner knew, or could have known through the exercise of due diligence, of the loss of street-time credits); *Tweedy v. Dretke*, No. 4:03-CV-0520-A, 2003 WL 22724659 at *3 (N.D. Tex. Sept. 15, 2003) (same). Petitioner then had one year, or until June 28, 2012, to file his § 2254 petition.

The filing of a TDR with TDCJ tolls the limitations period for up to 180 days. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). On August 18, 2011, Petitioner filed his first TDR.

This TDR  tolled the limitations period for 153 days, until it was denied on January 17, 2012.

Petitioner's new federal deadline became November 28, 2012.  Petitioner's second TDR did not

toll the limitations period because it was not filed until July 11, 2013, which was after the

limitations period expired.

A properly filed state habeas petition also tolls the limitations period.  *See* 28 U.S.C. §

2244(d)(2).  Petitioner's state habeas petition, however, did not toll the limitations period

because it was not filed until March 14, 2013, which was after the limitations period expired.

Petitioner was required to file his § 2254 petition by November 28, 2012.  He did not file

his petition until December 26, 2013.  The petition is therefore untimely.

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional

cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable

tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling

applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to

equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to

show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitations period. *See* 28 U.S.C. §2244(d).

Signed this 3 day of Sept, 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).